Tali ARERRO, J.
The plaintiff brought this suit against the defendants to recover from their possession two State warrants, each for the sum of $1523, bearing respectively the numbers 2025 and 2026, and issued by Gr. M. Wickliffe, the Auditor of the State, on the thirteenth of July, 1869. The warrants were sequestered and released under bond. Hernandez and Frizzel intervened; the former claiming to be owner of warrant No. 2026, the latter to be owner of warrant No. 2025. The answer of defendants is a. general denial. The intervenors had judgment sustaining their titles to the warrants. There was judgment in favor of defendants, dismissing the plaintiff’s suit as to them at plaintiff’s costs.
The plaintiff has appealed.
The facts seem to be these. The plaintiff, in December, 1869, at the request of Wickliffe, Auditor of Public Accounts, let him have possession of the two warrants to exhibit before a committee of the Legislature then investigating certain charges against him, and plaintiff took from him a receipt for the warrants. Wickliffe disappeared soon after without returning the warrants, and plaintiff was unable to get any trace of them until some time after he ascertained they had been presented at the Treasurer’s office for payment. No advertisement or notice of the loss was given by the plaintiff. The allegations of the intervenors that they are dona fide holders under the blank indorsement of Keefe, to whom the warrants were issued; that they gave a valuable consideration for them in due course of trade, without notice of the plaintiff’s claims, seems to be sufficiently well authenticated.
The rule that seems applicable in this case is, that where one of two innocent persons must suffer a loss through the misconduct of another, the loss ought rather to fall upon him who put it into the power of the third party to inflict the injury. By delivering possession of the warrants to Wickliffe, the plaintiff enabled the latter to throw them upon the market, which under all the facts and circumstances shown, and in the absence of any explanations on his part, the presumption is that he did so. .
We think the decree of the lower court correct.
Judgment affirmed.